**In re Shelby R. GLAZER, Debtor.**

**No. 03–72264–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Nov. 24, 2004.

---

John C. Lange, Gold, Lange & Majors, PC, Southfield, MI, for Debtor.

Thomas J. Budzynski, Clinton Township, MI, for Wendy Turner Lewis, trustee.

*Opinion Regarding Trustee's Motion to Sell Property*

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on the trustee's motion for authority to sell property. The trustee seeks to sell the debtor's chiropractic business as a going concern. As part of the sale, the trustee proposes to include a covenant not to compete by the debtor for a two year period covering Wayne, Oakland and Macomb counties.

The Court conducted an initial hearing on August 31, 2004 and requested briefs from the parties on the issue of whether the Court could compel the debtor not to compete as part of the sale of the debtor's assets.

## I.

The trustee contends that the goodwill of the debtor's business is property of the estate and that requiring the debtor not to compete will maximize the value of the goodwill. The trustee asserts that selling the practice with a limited covenant not to compete would increase the value of the practice by several thousand dollars. The trustee further argues that the covenant not to compete would not impede the debtor's fresh start because it is limited to three counties for a period of two years.

The trustee contends that the debtor is free to open a practice in any of the other 80 counties in Michigan.

The debtor does not dispute that the goodwill of the practice is property of the estate. However, the debtor contends that there is no authority to support the trustee's attempt to force the debtor not to compete just to increase the value of that goodwill.

## II.

 There does not appear to be any cases directly addressing the issue. Pursuant to 11 U.S.C. § 704(a)(1), the Chapter 7 trustee shall "collect and reduce to money the property of the estate for which such trustee serves[.]" Property of the estate includes all legal or equitable interests of the debtor in property. 11 U.S.C. § 541(a)(1). Property of the estate is further defined to include: "Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6). The court in *Andrews v. Riggs Nat'l Bank of Wash. D.C. (In re Andrews)*, 80 F.3d 906 (4th Cir.1996), explained the relationship between § 541(a)(1) and § 541(a)(6) as follows:

> Section 541, like the Bankruptcy Code generally, has two overarching purposes: (1) providing protection for the creditors of the insolvent debtor and (2) permitting the debtor to carry on and rebuild his life, that is, to make a "fresh start." The first purpose is effectuated through statutory provisions that marshal and consolidate the debtor's assets into a broadly defined estate from which, in an equitable and orderly process, the debtor's unsatisfied obligations to creditors are paid to the extent possible. The second purpose finds expression in the bright line the Bankruptcy Code draws between pre-and post-bankruptcy filing events. Thus, § 541(a)(1) provides that the estate includes the debtor's legal and equitable interests "as of the commencement of the case," and leaves the bankrupt debtor free after that date to accumulate new wealth so that he might make a fresh start following bankruptcy. Similarly, ... § 541(a)(6), allows the debtor to exclude from his estate any compensation or salary he might earn after the date of the petition. Toward the same end, § 727 facilitates the fresh start by ultimately discharging the balance of the debtor's unpaid obligations after the estate is exhausted.

*Id.* at 909–10 (footnotes omitted).

 Although not stated this way in the trustee's motion, what the trustee seeks to bring into the estate and sell is the debtor's right to work in Wayne, Oakland and Macomb counties. However, as noted, the debtor's post-petition earnings are excluded from property of the estate. The Court concludes that this broad exclusion necessarily includes the debtor's right to work in certain counties post-petition. Moreover, the fact that this might increase the value of the property that is estate property—here, the debtor's chiropractic practice—does not change this result.

Accordingly, the trustee's request to include a covenant not to compete in the sale of the debtor's chiropractic business is denied.

The Court will enter an appropriate order.